# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY K. ANDERSON,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:13-cv-00716-APG-VCF

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will deny the petition because it lacks merit on its face.

    In the Eighth Judicial District Court of the State of Nevada, case C-10-268406-1, petitioner was convicted pursuant to a plea agreement of two counts of child abuse and neglect with substantial bodily harm.[1] Petitioner does not present any claims regarding the validity of that judgment of conviction. Rather, he is challenging the denial of pre-sentence credits for time served. The state district court did not give petitioner any credits because he was on house arrest or residential confinement, and not in jail.

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=8686118 (last visited May 15, 2013).

This court is unable to give petitioner any relief. Federal habeas corpus relief is available to a petitioner in custody pursuant to a state-court judgment of conviction only if that custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). "The origin of the modern concept of pre-conviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee." Gray v. Warden of Montana State Prison, State of Mont., 523 F.2d 989, 990 (9th Cir. 1975).

Petitioner might be able to receive federal habeas corpus relief if state law clearly creates a liberty interest in credit for time served. Hicks v. Oklahoma, 447 U.S. 343, 346 (1979). Nevada's pre-sentence credit statute states, in relevant part:

> [W]henever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence, including any minimum term thereof prescribed by law, for the amount of time which the defendant has actually spent in confinement before conviction, unless the defendant's confinement was pursuant to a judgment of conviction for another offense.

Nev. Rev. Stat. § 175.055(1). The statute uses discretionary terms, but the Nevada Supreme Court has held that the purpose of the statute is to ensure that all time served is credited toward the defendant's ultimate sentence. State v. Second Judicial Dist. Court (Jackson), 116 P.3d 834, 836 (Nev. 2005). However, in the same decision the Nevada Supreme Court held that the statute does not allow pre-sentence credits for time spent on house arrest or residential confinement. Id. at 837. This court is bound by the Nevada Supreme Court's interpretation of Nevada law. Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000). Consequently, even if Nevada has created a constitutionally protected liberty interest in credit for time served, that liberty interest does not extend to time spent on house arrest. The lack of pre-sentence credit does not violate the Constitution, laws, or treaties of the United States, and this court cannot grant petitioner any relief.

Reasonable jurists would not find this court's conclusion to be debatable or wrong. Petitioner's claim for relief simply has no basis in the law. The court will not issue a certificate of appealability.

1  Petitioner has submitted a motion for appointment of counsel (#2), a motion for evidentiary
2 hearing (#3), and a motion for pre-sentence credits (#4). The court denies these motions because
3 the court is denying the petition.
4  **IT IS THEREFORE ORDERED** that the application to proceed in forma pauperis (#1) is
5 **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).
6  **IT IS FURTHER ORDERED** that the clerk of the court shall file the petition for a writ of
7 habeas corpus pursuant to 28 U.S.C. § 2254.
8  **IT IS FURTHER ORDERED** that the motion for appointment of counsel (#2) is
9 **DENIED**.
10  **IT IS FURTHER ORDERED** that the motion for evidentiary hearing (#3) is **DENIED**.
11  **IT IS FURTHER ORDERED** that the motion for pre-sentence credits (#4) is **DENIED**.
12  **IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED**.
13 The clerk of the court shall enter judgment accordingly.
14  **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.
15  DATED:   May 15, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

-3-